Balwant Singh CHAHAL, Bakshish Singh Chahal, Harkewal Singh Chahal, Bachan K. Singh, Suraj Kaur, Gurbachan Singh Chahal & Sarban Singh, Plaintiffs-Appellants,

v.

PAINE WEBBER INC. and Timothy E. Longworth, Defendants-Appellees.

No. 369, Docket 83-7642.

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1983.

Decided Jan. 4, 1984.

---

Edward Cherney, New York City (Herbert Lebovici, New York City, of counsel), for plaintiffs-appellants.

Catherine A. Ludden, New York City (Martin P. Unger, Gaston Snow Beekman & Bogue, New York City, of counsel), for defendants-appellees.

Before FRIENDLY, MANSFIELD and KEARSE, Circuit Judges.

MANSFIELD, Circuit Judge:

Plaintiffs appeal from a judgment of the Southern District of New York entered pursuant to a decision of Chief Judge Motley granting defendants' motion for summary judgment and dismissing the complaint in this action for damages based on defendants' alleged intimidation of a witness in violation of 42 U.S.C. § 1985.[1] Since the complaint pleads the necessary elements of such an action, albeit rather inartfully, and the papers raise material factual issues precluding summary judgment under Rule 56, we reverse.

Plaintiffs lost a considerable amount of money as a result of investments made in San Francisco, California, through Paine Webber Inc., a corporate member of the New York Stock Exchange engaged in the

---

1. 42 U.S.C. § 1985 provides in relevant part:
   "(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified. . . .

   "(3) . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

stock brokerage business, upon the advice and recommendation of Vijay K. Kohli, a registered representative employed by Paine Webber. In February 1980 plaintiffs consulted David Warmin, a securities expert specializing in review of securities' accounts to determine whether brokers handling such accounts have complied with regulatory policy (particularly with respect to churning and suitability of investments). After analyzing plaintiffs' accounts with Paine Webber, Warmin informed them that Kohli had recommended investments unsuitable for their objectives and needs and had grossly "churned" the account. Warmin completed a detailed written report to that effect, and was paid $1,410.00 for his services. Plaintiffs thereupon brought suit against Paine Webber and Kohli in the United States District Court for the Northern District of California, alleging various securities law violations. *Chahal v. Paine, Webber, Jackson & Curtis, Inc.,* No. C–81–1021 RFP. As far as can be gleaned from the record, that action (hereinafter "the California action") is still pending. The case before us arises from events following that suit.

Sometime prior to June 1981 Warmin moved to New York, where he accepted a position with Smith, Barney, Harris, Upham and Co. ("Smith Barney"). On June 26, 1981, plaintiffs filed in the California action an affidavit executed by Warmin summarizing the results of his investigation. He closed his affidavit with the statement that because he now resided in New York "it may be difficult for me to arrange to appear in San Francisco for testimony."

Plaintiffs allege that in July 1981 defendant Timothy E. Longworth, a Vice President of Paine Webber, initiated a conversation with George Saks, a supervisor at Smith Barney in New York, in which he told Saks that David Warmin was violating "an understanding" among brokerage firms that their employees do not testify against each other. According to plaintiffs, Warmin then made a "frantic" long distance phone call to Allen J. Capeloto, plaintiffs' attorney in the California action, attempting to withdraw his affidavit because he had been criticized by his Smith Barney supervisor for his involvement in the plaintiffs' California case, and had been told that he would have to resign from his participation in the case if he wished to continue his employment with Smith Barney. Accordingly, Warmin told Capeloto that he would no longer be available to participate in the case. Longworth concedes that he called Saks, but claims that he simply informed him that Warmin was violating Rule 346(b) of the New York Stock Exchange, which provides that "[w]ithout the prior written consent of his member . . . organization, no member . . . shall . . . be employed or compensated by any other person." Neither Longworth nor Saks has been deposed in this litigation.

Following the foregoing episode plaintiffs amended their California complaint to allege a violation of 42 U.S.C. § 1985(2), which prohibits, *inter alia,* conspiracies to deter witnesses from attending or testifying freely to any matter pending in a federal court. Section 1985(3) confers a cause of action upon a party injured by such a conspiracy; § 1988 vests jurisdiction in the federal courts. On March 8, 1982, Chief Judge Robert F. Peckham, although indicating that plaintiffs had standing under § 1985(2) to prosecute their civil rights claim, dismissed the claim for lack of proper venue, based principally on the convenience of Longworth, Warmin, and other persons who had their residences or places of business in New York, and suggested that the claim be brought in New York.

The complaint in this action was thereupon filed on January 27, 1983. Defendants moved to dismiss it for failure to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6); Judge Motley ruled that she would treat the motion as one for summary judgment, Fed.R.Civ.P. 56. Plaintiffs noticed the taking of the deposition of David Warmin, but Judge Motley granted the defendants' motion to stay the deposition until after she ruled on the summary judgment motion.

In an opinion dated June 30, 1983, Judge Motley granted the motion for summary judgment.[2] She noted Warmin's June 26, 1981 affidavit indicating that it might be "difficult" for him to appear in San Francisco as evidence that he had withdrawn from the case prior to the alleged conspiracy. She also relied on plaintiffs' statement filed pursuant to Local Civil Rule 3(g) of the Southern District of New York, which denied the defendants' assertion that "[p]laintiffs wish to continue to have Warmin in their employ as a potential expert witness in the California action." To the contrary, plaintiffs now stated that they had made "other arrangements." Judge Motley concluded, "Nothing in these allegations suggests that Warmin is either a party to or a proposed witness in the California litigation. . . . Plaintiff's complaint alleges no injury, no witness, and no facts in support of its allegation of conspiracy." From this decision plaintiffs appeal.

## DISCUSSION

The two questions before us are whether plaintiffs have pleaded all the requisite elements of a claim under § 1985(2), which would enable the complaint to survive a Rule 12(b)(6) attack, and, if so, whether there is an unresolved issue of material fact, which would require us to reverse the district court's grant of summary judgment.

■ The essential allegations of a § 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff. In construing the complaint we must bear in mind the strictures of Fed.R.Civ.P. 8(f) that "[a]ll pleadings must be so construed as to do substantial justice" and the guidelines established by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 47–48,

78 S.Ct. 99, 101–102, 103, 2 L.Ed.2d 80 (1957), wherein it stated:

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
>
> \* \* \* \* \* \*
>
> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." (footnotes omitted)

We have frequently voiced our adherence to these principles. In *New York State Waterways Ass'n v. Diamond*, 469 F.2d 419, 421 (2d Cir.1972), for instance, we stated that "[w]hile plaintiffs' complaint is hardly a model of compliance with the Federal Rules . . . it is our duty to read it liberally, to determine whether the facts set forth justify taking jurisdiction on grounds other than those most artistically pleaded." *See also*, 2A J. Moore, Moore's Federal Practice ¶ 8.34 (2d ed. 1983); 5 C. Wright and A. Miller, Federal Practice and Procedure § 1286 (1969). On the other hand, when a complaint fails to state facts as distinguished from conclusions or vague general allegations we have not hesitated to uphold its dismissal. *See, e.g., Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977).

---

**2.** Although the opinion states that "the complaint fails to state a claim upon which relief can be granted," indicating that it is dismissible on its face pursuant to F.R.Civ.P. 12(b)(6), Judge Motley also found "no disputed issues of material fact which would foreclose summary judgment under Federal Rule 56." Both the opinion and the judgment, moreover, expressly treat the defendants' motion as one for "summary judgment," which is granted.

██ The complaint in the present case is brief and rather inartistically drawn. Nevertheless, when construed liberally, it is sufficient. It clearly alleges the first and third elements of a claim under § 1985(2) as outlined above. Paragraphs 9 and 10 set forth facts which, if proved, would permit an inference that Paine Webber, Longworth and an unnamed supervisor at Smith Barney conspired to prevent Warmin from continuing to function as a prospective expert witness in plaintiffs' California case. Paragraph 14 alleges specific resulting injury, the $1,410 paid to Warmin for his services and the cost of preparing him to assist in the California action. In any event one need not suffer monetary damage to prevail in an action for denial of civil rights. See *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978).

Finding in the complaint an allegation of the remaining element of a § 1985(2) action—that Warmin was to be a "witness" within the meaning of the statute—is more difficult. The statute does not define the term "witness." However, Congress' purpose, which was to protect citizens in the exercise of their constitutional and statutory rights to enforce laws enacted for their benefit, is achieved by interpreting the word "witness" liberally to mean not only a person who has taken the stand or is under subpoena but also one whom a party intends to call as a witness. Deterrence or intimidation of a potential witness can be just as harmful to a litigant as threats to a witness who has begun to testify.

Viewed in this light the complaint may reasonably be construed as claiming that the plaintiffs intended to obtain the testimony of Warmin—who had rendered an opinion favorable to their cause—as an expert witness but were prevented from doing

so by the defendants' wrongful conduct. Indeed, the complaint alleges that "[a]s a result [of the conspiracy], Warmin was forced to discontinue any involvement on the plaintiffs' behalf" (Par. 12) and that plaintiffs were injured in connection with their dealings "with Warmin in his capacity as a potential witness in the said action in the Northern District of California" (Par. 14). Thus the complaint gave the defendants sufficient factual notice of the essential elements of plaintiffs' claim. Additional details could be obtained by way of discovery under the Federal Rules. The district court's dismissal of the complaint on the ground that it "alleges no injury, no witness, and no facts" must accordingly be reversed.

██ In granting summary judgment on essentially the same grounds the district judge appears to have overlooked facts supporting the claim and clear issues with respect to other material facts. The papers filed by the defendants in support of their motion for summary judgment and plaintiffs' answering papers both assert that Warmin was a potential witness in the California action. Defendants' statement of undisputed facts required to be filed under the Southern District of New York's Civil Rule 3(g) asserts: "3. Plaintiffs wish to continue to have Warmin in their employ as a potential expert witness in the California action."[3] Plaintiffs' similar Rule 3(g) statement recites that "Warmin was forced to terminate his relationship with the plaintiffs, as an expert witness, because of the pressure exerted upon him by Smith Barney who, in turn, had been pressured by the defendants."

Warmin's status as a potential witness who was pressured not to testify is further

---

**3.** It is true that plaintiffs expressly denied *defendants'* assertion in their Rule 3(g) statement that plaintiffs planned to call Warmin as an expert witness, saying that they had made "other arrangements." But plaintiffs' response—that they "do not wish to *continue* to have David M. Warmin continue as an expert witness in the California action" (emphasis added)—is entirely consistent with the view that they had planned to call Warmin as an

expert but had abandoned that plan because of the pressure exerted by the defendants. That is exactly the evil at which § 1985(2) is directed. Warmin's June 1981 statement that his move to New York might make it difficult to appear in San Francisco for testimony did not preclude his giving testimony by deposition for use in the California action; there was no indication in his affidavit that he was withdrawing from the case at that time.

supported by affidavits filed by plaintiffs in opposition to the summary judgment motion. A March 28, 1983 affidavit of Edward Cherney refers to Warmin as "an expert witness in litigation," and states that "Warmin had commenced his retainer as an expert for the plaintiffs before his employment at Smith Barney and . . . all that was required was that he appear in court" (Par. 5). In a supplemental May 27 affidavit Cherney states that "[a]s a result of pressure exerted upon Smith, Barney by defendant Longworth, a Vice-President of Paine Webber, Warmin was forced to discontinue his services as an expert on plaintiffs behalf." A declaration under penalty of perjury by Allen J. Capeloto states that in July 1981 Warmin phoned Capeloto and "indicated that his job (at Smith Barney) was threatened by further participation in [the California action]."

These statements, if proved at trial, would establish plaintiffs' claim under § 1985(2). They clearly put in issue Longworth's statement to the effect that he, as a Vice President of Paine Webber, phoned Saks of Smith Barney solely to alert Saks that Warmin's continued employment by plaintiffs might violate NYSE Rule 346(b), and not to induce Smith Barney to prevent Warmin from becoming a witness in the California action. Under the circumstances plaintiffs are entitled to obtain the deposition and trial testimony of Saks and Warmin for the purpose of supporting their claims in the present action. Since a genuine material factual issue has been raised as to the communications between Longworth and Saks and those between Saks and Warmin, it was error to grant the defendants' motion for summary judgment.

The judgment of the district court is reversed and the case is remanded for trial.