Robin DOOLEY and Patrick Matz,
Plaintiffs-Appellants,

v.

Jerome REISS, Ken McAlpine, Mike
Manley, Randy Worrell, Dale Wilcox
and Stephen Marks, Defendants-Appel-
lees.

No. 83-6439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1984.

Decided July 10, 1984.

Stephen Yagman, Yagman & Yagman, Los Angeles, Cal., for plaintiffs-appellants.

Robert A. Schwartz, Los Angeles, Cal., Michael P. Stone, Santa Ana, Cal., for defendants-appellees.

Before GOODWIN, SNEED, and ALARCON, Circuit Judges.

SNEED, Circuit Judge:

Horticulturally speaking, this case is a sucker springing from the roots of another civil rights action. Plaintiffs appeal from the district court's dismissal of their complaint alleging violations of 42 U.S.C. §§ 1983, 1985(2), and 1986. The complaint alleges that defendants conspired to commit perjury and to conceal evidence in a separate section 1983 action against certain defendants also involved in this case. The district court dismissed the complaint with prejudice for failure to state a claim and awarded attorney's fees to one of the defendants pursuant to 42 U.S.C. § 1988. We affirm in part and reverse in part.

## I.

### FACTS AND PROCEEDINGS BELOW

The allegations of the complaint must be considered as true for purposes of evaluating a motion to dismiss. *See, e.g., Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The parent case was *Dellos v. Reiss* (C.D.Cal. No. 80–5820), brought by appellants Robin Dooley and Patrick Matz against four officers of the Anaheim, California, police department. Dooley and Matz, along with two other plaintiffs, sought damages for an allegedly unlawful search committed by police officers Jerome Weiss, Ken McAlpine, Mike Manley, and Randy Worrell (hereinafter, the "officers"). *Dellos* first went to trial on October 12, 1982. The district judge declared a mistrial, and the case went to trial a second time on August 9, 1983. The jury returned a verdict for plaintiffs in the amount of $50,000 in compensatory damages and $70,000 in punitive damages. On December 1, 1983, the district judge granted the defendants' motion for a new trial. After the third trial in *Dellos,* the jury awarded plaintiffs damages totalling $160,-000.

In this case, Dooley and Matz essentially allege that the police officers, Police Captain Dale Wilcox, and attorney Stephen Marks conspired to deprive plaintiffs of the testimony of four potential witnesses in the *Dellos* case. Plaintiffs in the *Dellos* action sent defendants interrogatories that asked if any police reports had ever been prepared in connection with the challenged search. The police officers answered the interrogatories by stating that no such reports existed and that a memorandum prepared by the officers for their attorney Stephen Marks was protected by the work product privilege. The answers were executed by three of the officers under penalty of perjury and signed by Marks.

In October 1981, one and one-half years after the officers answered the interrogatories, plaintiffs obtained various police reports and documents concerning the search that were in the possession of the officers at the time they signed their answers to the interrogatories. One of the reports contained the names of four persons who allegedly had told the police that the plaintiffs were narcotics dealers.

During the August 1983 trial in the *Dellos* case, each officer testified that the answer given to the interrogatory was his answer, and officers Reiss, Manley, and Worrell testified that each had sworn to the correctness of the interrogatory. Each officer further testified that Captain Wilcox had told them that he would supply documents requested by the plaintiffs to Marks so the attorney could give them to the plaintiffs.

Plaintiffs allege, and we assume as true for purposes of evaluating the dismissal, that the officers and Marks knew that the police reports existed at the time the answers to the interrogatories were submitted. Wilcox, moreover, it is alleged, knew the documents existed and violated an affirmative duty by failing to provide them to the plaintiffs. By the time the reports were disclosed, the plaintiffs could not locate the four witnesses.

The complaint filed by Dooley and Matz in this case alleges that the officers, Marks and Wilcox conspired to commit perjury in the *Dellos* case, to withhold evidence from the plaintiffs, to obstruct and to impede justice in a United States district court, and to deprive plaintiffs of the right guaranteed by the Seventh Amendment to trial by jury. Dooley and Matz sought relief pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1986 in an eleven count complaint. The district court dismissed each count with prejudice for failure to state a

claim upon which relief can be granted. The district court also awarded attorney's fees to defendant Marks pursuant to 42 U.S.C. § 1988. We affirm in part and reverse in part.

## II.

## DISCUSSION

■ Our standard of review is very clear. District court dismissals for failure to state a claim upon which relief can be granted are questions of law and are freely reviewable by this court on appeal. *See, e.g., Halet v. Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir.1982). A complaint should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### A. *Claims Under Section 1983*

■ To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. *E.g., Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Under the circumstances of this case, the plaintiffs have failed to allege the deprivation of a federal right. The district court therefore properly dismissed the section 1983 claims. The parent case has vindicated the plaintiffs' federal rights. For example, the contention that defendants denied plaintiffs their Seventh Amendment right to jury trial is false. Plaintiffs in fact received a jury trial in the *Dellos* lawsuit. Nor were plaintiffs deprived of a federal right by the defendants' attempts to conceal certain evidence. The attempt ultimately failed. A successful attempt by defendants to deprive a potential plaintiff of his right to

---

1. Section 1983 provides in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the dep-

   rivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
   42 U.S.C. § 1983.

bring a section 1983 action might well amount to an actionable deprivation of federally protected rights. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–31, 102 S.Ct. 1148, 1153–55, 71 L.Ed.2d 265 (1982) (cause of action is "property" protected by the Due Process Clause). Nonetheless, plaintiffs suffered no deprivation based on the belated disclosure of the police reports because they were not prevented from pursuing, and in fact obtained, relief in the *Dellos* action. *See Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir.1980). Any damage by reason of delay in receiving vindication in the parent suit should be obtained in that suit when possible. This is not a case in which damage became apparent only after resolution of the parent suit. The absence of an actual deprivation implies that plaintiffs also failed to state a section 1983 claim based on the alleged conspiracy to conceal the reports. *See id.; Hampton v. Hanrahan*, 600 F.2d 600, 622 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

Because no deprivation of a federal right, as encompassed by section 1983, is alleged, we do not reach the question whether any of defendants acted under color of state law. Nor do we address the application of *Briscoe v. Lahue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), to the police officer defendants.

B. *Claims Under Section 1985(2) and Section 1986*

■ The plaintiffs fare no better under sections 1985(2) and 1986. Section 1985(2) consists of two parts: the first proscribes conspiracies to interfere with the administration of justice in federal courts;[2] the second applies to conspiracies to obstruct the course of justice in state courts.[3] The second part is inapplicable because the parent case did not involve proceedings in state court. On the other hand, under the first part of section 1985(2) it is not necessary to allege that the conspiracy was under color of state law or was motivated by racial or other class-based discriminatory animus. *See Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Thus, it could be applicable.

Plaintiffs attempt to invoke this part by alleging that defendants conspired to "influence the verdict" of a juror, in violation of section 1985(2), by committing perjury and concealing evidence. The district court relied on *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir.1976), and held that defendants' actions were "too remote" to have influenced a juror in violation of the statute. Thus, whether the district court properly dismissed the claims under section 1985(2) turns on what forms of influence are embraced within the phrase "influence the verdict."

Section 1985(2) originally was enacted as part of section 2 of the Civil Rights Act of 1871, 17 Stat. 13. The portion of section 2 that was later codified as the first part of section 1985(2) proscribed conspiracies "by force, intimidation, or threat to influence the verdict, presentment, or indictment, of any juror or grand juror in any court of the

---

2. The first part of 42 U.S.C. § 1985(2) provides:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or

having been such juror ... [an action for damages will lie].

3. The second part of 42 U.S.C. § 1985(2) provides:

[O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; [an action for damages will lie].

United States." The current language of section 1985(2) does not contain the phrase "by force, intimidation, or threat" immediately preceding the phrase "to influence ... any juror or grand juror." [4] Plaintiffs rely on this omission to argue that a claim under section 1985(2) need not allege a conspiracy to influence a juror by "force, intimidation, or threat." This argument is meritless. The reclassification of section 2 of the 1871 Act into the three subsections that now are codified in section 1985 did not change the substantive meaning of the 1871 Act. *Kush,* 103 S.Ct. at 1487.

■ Plaintiffs' allegations that defendants conspired to commit perjury and to conceal evidence fail to state a claim for relief under section 1985(2).[5] The alleged actions did not influence or seek to influence a juror by force, intimidation, or threat. Even were we to accord substantive significance to the omission of "by force, intimidation, or threat," we are confident that section 1985(2) does not embrace the forms of influence alleged by plaintiffs. *Cf. Brawer,* 535 F.2d at 840 (first part of § 1985(2) proscribes conduct that directly affects or seeks to affect parties, witnesses, or jurors). Because plaintiffs failed to state a claim under section 1985(2), the district court also properly dismissed the claim under section 1986.[6] *See id.* at 841.

## C. *The Award of Attorney's Fees to Defendant Marks*

■ Nonetheless, defendant Marks is not entitled to recover attorney's fees under 42 U.S.C. § 1988. In a section 1983 case, fees may be awarded against an unsuccessful plaintiff only if his action is "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). Although we affirm the district court's dismissal of the complaint, plaintiffs' claims under section 1983 and section 1985(2) present difficult issues not previously resolved by this circuit. This fact, and the requirement that we treat the allegations in the pleadings as true, implies that plaintiffs' action against Marks was not groundless. *Cf. International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.,* 707 F.2d 425, 430 (9th Cir. 1983) (standard for fee award under Fed.R. App.P. 38 for frivolous appeal).

## III.

## CONCLUSION

We affirm the dismissal of all claims under sections 1983, 1985(2), and 1986 and

---

4. *See supra* note 2. The current language of § 1985(2) is taken verbatim from a revision of the 1871 Civil Rights Act authorized by Congress in 1874 as part of a general consolidation and collection of all federal statutes and laws in the revised statutes. *Brawer,* 535 F.2d at 837–38 & n. 16. In the revised statutes, § 2 of the 1871 Act was reclassified into the three subsections that are now codified in § 1985. The minor grammatical changes made in the reclassification were not intended to alter the substantive meaning of the 1871 Act. *Kush,* 103 S.Ct. at 1487 & n. 6; *Brawer,* 535 F.2d at 838 & n. 16.

5. Our conclusion comports with *Chahal v. Paine Webber Inc.,* 725 F.2d 20 (2d Cir.1984), which held that a plaintiff had stated a claim for relief under § 1985(2) based on allegations that an expert witness had been threatened with loss of employment if he continued his participation in a federal securities case. *Chahal* acknowledged that a claim under § 1985(2) based on witness intimidation must allege that a witness was de-

terred by "force, intimidation, or threat" from attending court or testifying freely. 725 F.2d at 23. The Second Circuit's opinion does not discuss the essential elements of a § 1985(2) claim based on interference with a federal juror.

6. Section 1986 provides in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

42 U.S.C. § 1986.

the claim alleging deprivation of the right to trial by jury. We reverse the award of attorney's fees to defendant Marks. Each party shall bear its own costs on appeal.

AFFIRMED IN PART and REVERSED IN PART.