943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee WHITE, Plaintiff/Appellant,
v.
Officer W. BURGIE, Defendant/Appellee.
 No. 90-15626.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 17, 1991.*
Withdrawn from Submission June 17, 1991.
Resubmitted Aug. 26, 1991.
Decided Sept. 13, 1991.
 
 Before GOODWIN, SKOPIL and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Lee White appeals pro se the district court's entry of a directed verdict in this civil rights action. He contends that the district court erred by (1) refusing to allow him to file a second amended complaint; (2) denying his motion for appointment of counsel; (3) concluding that he failed to prove sufficiently his state or federal claims; and (4) awarding attorneys' fees and costs against him. We affirm the district court except for its decision to award attorneys' fees. Accordingly, we affirm in part and reverse in part.
 
 DISCUSSION
 1. Right to Amend Complaint
 
 3
 White alleged in his initial complaint that Officer Burgie, acting under color of state law, kicked White in the knee during processing at the Clark County Detention Center, in violation of White's rights under the eighth and fourteenth amendments and under state law. White was thereafter permitted to file an amended complaint alleging 42 U.S.C. § 1983 (1988) as an additional basis of liability. The district court, however, denied White's request to file a second amended complaint to add an allegation based on the Supreme Court's decision in Graham v. Conner, 490 U.S. 386 (1989) (claim that police used excessive force in seizing an individual is properly analyzed under the fourth amendment's "objective reasonableness" standard).
 
 
 4
 Although we generally allow pro se civil rights litigants liberal opportunity to amend their complaints, see, e.g. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987), we nevertheless affirm the district court's decision to reject White's second amended complaint. Graham is applicable "only when the allegedly excessive force is used in the context of a 'seizure' within the meaning of the fourth amendment." Reed v. Hoy, 909 F.2d 324, 328-29 (9th Cir.1989), cert. denied, 111 S.Ct. 2887 (1991). We reject White's contention that the alleged use of force here constituted a "seizure" under Graham.
 
 2. Appointment of Counsel
 
 5
 A district court is empowered to appoint counsel to represent an indigent civil litigant. 28 U.S.C. § 1915(d) (1988). We have restricted such appointments, however, to cases involving "exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984). We require that a petitioner demonstrate a likelihood of success on the merits and show that the complexity of the legal issues will affect his or her ability to proceed pro se. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 6
 White fails both requirements. He did not demonstrate a likelihood of success. He possessed sufficient writing ability and legal knowledge to articulate his claims. We conclude that the district court did not abuse its discretion in denying White's motion for appointment of counsel. See id. (review of court's decision not to appoint counsel is for an abuse of discretion).
 
 3. Directed Verdict
 
 7
 "A directed verdict is proper if, without considering the credibility of the witnesses, we find that the evidence and its inferences, considered as a whole and viewed in the light most favorable to the nonmoving party, can support only one reasonable conclusion--that the moving party is entitled to judgment." McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.1991) (internal quotations omitted). Applying that standard here, we affirm the trial court's decision to direct a verdict in favor of the defendant. We agree with the district court that White failed to substantiate his state law claims of assault or battery, much less his federal constitutional claims. He failed to make a showing sufficient to establish that the use of force against him was either unnecessary or excessive. See White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990).
 
 4. Attorneys Fees and Costs
 
 8
 In a civil rights action, attorneys' fees may be awarded against an unsuccessful plaintiff, but only if the action is " 'meritless in the sense that it is groundless or without foundation.' " Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir.1984) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)), cert. denied, 469 U.S. 1038 (1984). The Supreme Court has indicated that limitations on the power of the trial court to award attorneys' fees should "apply with special force in actions initiated by uncounseled prisoners" and that accordingly "fees should rarely be awarded against such plaintiffs." Hughes, 449 U.S. at 15. Moreover, we have noted in applying Hughes that trial courts should be particularly reluctant to award fees when the action has proceeded to trial. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987). Clearly the fact that evidence adduced at trial was unpersuasive does not justify the assessment of fees. Boatowners and Tenants Ass'n v. Port of Seattle, 716 F.2d 669, 674 (9th Cir.1983). Applying these standards, we are unable to affirm the trial court's imposition of attorneys' fees in this case. Although White's claims were rejected at trial, the allegations of his amended complaint are not meritless under the standard set forth in Hughes, 449 U.S. at 15-16. We therefore reverse the award of attorneys' fees.
 
 
 9
 A prevailing party is ordinarily entitled to recover costs. See Fed.R.Civ.P. 54(d). This is so even in the case of indigent litigants who have been granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(e). Accordingly, we affirm the district court's imposition of costs.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART. Each side is to bear its own cost on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3