962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul FEINBERG, Plaintiff-Appellant,
v.
TUCSON POLICE DEPT.; Pima County, Adult Probation, et al.;
Deputy Figueroa, Pima County Attorney, Defendants-Appellees.
 No. 90-15349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1992.*
Decided May 8, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Feinberg appeals the district court's order granting attorney's fees to Pima County prosecutor Jesse Figueroa in Feinberg's civil rights action against Figueroa and other public officials. We reverse.
 
 FACTS
 
 3
 Feinberg, who is incarcerated in an Arizona state prison on charges unrelated to this action, represented himself throughout the course of these proceedings. Feinberg filed a civil rights action against the Tucson Police Department, certain named officials and investigators, and Figueroa. The gravamen of his complaint was that one Kathleen Colburn stole his property yet the Tuscon Police Department refused to take any action on the matter and Figueroa, who is mentioned only in the caption and the prayer for relief, may have refused to prosecute.
 
 
 4
 Figueroa's attorney sent Feinberg a letter pointing out the deficiencies in Feinberg's complaint and informing Feinberg of Figueroa's absolute immunity as a prosecutor. He requested that Feinberg dismiss his claim against Figueroa, but threatened that if Feinberg chose not to, Figueroa would seek attorney's fees under Fed.R.Civ.P. 11. Feinberg declined to dismiss Figueroa. The district court dismissed the claim against Figueroa with prejudice and awarded Figueroa attorney's fees in the sum of $555.
 
 DISCUSSION
 
 5
 Rule 11 sanctions may be imposed "if the [pleading] filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). The pleadings of pro se plaintiffs are viewed with particular deference. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). For example, in civil rights actions, attorney's fees may be awarded against an unsuccessful plaintiff, but only if the action is " 'meritless in a sense that it is groundless or without foundation.' " Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir.) (quoting Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980)), cert. denied, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984). The Supreme Court has indicated that the limitations on the power should "apply with special force in actions initiated by uncounseled prisoners," and that accordingly, "fees should rarely be awarded against such plaintiffs." Hughes v. Rowe, 449 U.S. at 15, 101 S.Ct. at 179.
 
 
 6
 We find that on this record it cannot be said that Feinberg's behavior rises to a sanctionable level. Though inartfully drafted, Feinberg's second amended complaint was not necessarily "frivolous, legally unreasonable, or without factual foundation." Zaldivar, 780 F.2d at 831. The district court dismissed Feinberg's second amended complaint with prejudice without granting him leave to amend to cure any deficiencies. Generally, the court should not dismiss a deficient complaint without first granting the plaintiff leave to amend. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989). That rule has particular force when a plaintiff is pro se. See, e.g., Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988). Feinberg may have been able to cure the deficiencies in his claim against Figueroa; sanctioning him without providing him an opportunity to try was an abuse of discretion.[1] Moreover, the district court dismissed Feinberg's claim against Figueroa with prejudice because Figueroa had absolute immunity from damages for acts within his official capacity as a prosecutor. However, Feinberg also prayed for injunctive relief, and, as he argued, prospective relief is available in actions against prosecutors, even though damages are not. Gobel v. Maricopa County, 867 F.2d 1201, 1203 n. 6 (9th Cir.1989). Thus, the imposition of sanctions was too precipitous.
 
 
 7
 Since we conclude that on this record Feinberg's action cannot be said to be frivolous, and thus Rule 11 sanctions were improperly imposed, we do not reach the issue of whether the amount of fees imposed was an abuse of discretion.
 
 
 8
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We recognize that prior to granting Feinberg leave to proceed in forma pauperis and directing service of the second amended complaint the court had mentioned general difficulties with an earlier version of the complaint. However, the court was satisfied enough with the new version to allow the case to proceed