30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas H. ELLISON, Plaintiff-Appellant,
v.
Susan LEFFLER, In her official and individual capacity;
Frank J. Kelley, Attorney General, In his individual and
official capacity; H. Gary Wells, In his individual and
official capacity; Robert Brown, Jr., In his individual and
official capacity, Defendants-Appellees.
 No. 93-2606.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Thomas H. Ellison, a pro se prisoner currently incarcerated at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1985(2) and 1986. Additionally, he has filed a motion for counsel and a motion to take judicial notice. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ellison sued the defendants alleging that they engaged in a conspiracy to thwart Ellison's federal habeas corpus action which was filed in the Eastern District of Michigan. Specifically, Ellison claimed that the defendants filed a motion to dismiss which falsely alleged that Ellison had not appealed his conviction to the Michigan Supreme Court. Ellison claimed that he did exhaust his appeal because the Michigan Supreme Court rejected a pleading he had filed which would have appealed the conviction. However, the district court was unaware of this and granted the motion to dismiss the habeas petition. Ellison's motion for reconsideration was granted but the district court denied the habeas petition on substantive grounds. Ellison's civil rights complaint sought relief for the conspiracy in the form of monetary damages and issuance of a writ of habeas corpus. He also sought sanctions against the defendants. The defendants are sued in their individual and official capacities. The district court granted the defendants' motion to dismiss the complaint after concluding that Ellison failed to state a claim under 42 U.S.C. Secs. 1985(2) and 1986.
 
 
 3
 On appeal, Ellison argues that the district court improperly dismissed his complaint without first notifying him of his right to amend the complaint. He also argues that the district court failed to consider his claims under 42 U.S.C. Sec. 1985(1) and 18 U.S.C. Sec. 241.
 
 
 4
 Initially, we note that the district court had no duty to instruct Ellison that he had a right to move to amend his complaint prior to the 12(b)(6) dismissal. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991) (Liberal construction rule does not apply to straightforward procedural requirements.). Therefore, the district court's dismissal of Ellison's complaint for failure to state a claim is free from procedural error.
 
 
 5
 Turning to the substantive issue, we conclude that the complaint was properly dismissed as Ellison undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 6
 To state a claim under Sec. 1985(2), a plaintiff must show either: (1) the existence of a conspiracy to use threat, force, or intimidation of a witness or party to obstruct justice in federal court, Dooley v. Reiss, 736 F.2d 1392, 1395-96 (9th Cir.), cert. denied, 469 U.S. 1038 (1984), or (2) class-based invidious discrimination. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).
 
 
 7
 A review of the complaint and the facts reveals that Ellison has failed to state a cause of action under either part. First, he fails to state a cause of action under the first part of Sec. 1985(2) because he does not allege the contemplated use of force, intimidation or threats against a witness or any party as required by the statutory language. Moreover, he has failed to allege any injury arising from the conspiracy. Courts require at minimum some allegation that the litigant's ability to present an effective case was hampered by the conspiracy. See Rylewicz v. Beaton Servs., Ltd., 888 F.2d 1175, 1180-81 (7th Cir.1989); David v. United States, 820 F.2d 1038, 1039 (9th Cir.1987). Second, he fails to state a cause of action under the second part of Sec. 1985(2) because he fails to allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Kush v. Rutledge, 460 U.S. 719, 726 (1983); Bennett v. Batchik, No. 90-2036, 1991 WL 110385, at * 6 (6th Cir. June 24, 1991). Accordingly, the district court's order dismissal for failure to state a claim upon which relief can be granted is affirmed. Additionally, because there is no valid claim under Sec. 1985, Ellison's Sec. 1986 claim fails by definition. See 42 U.S.C. Sec. 1986; Harris v. Board of Educ., 798 F.Supp. 1331, 1346 (S.D.Ohio 1992).
 
 
 8
 Finally, Ellison claims that the district court failed to consider his claims asserted under Sec. 1985(1) and 18 U.S.C. Sec. 241. A review of the pleadings, particularly the complaint and response to the defendants' motion to dismiss, reveals that Ellison did not raise a claim under Sec. 1985(1). His claims were specifically limited to Sec. 1985(2). Issues not raised in the district court normally are not considered on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Therefore, this court should decline to address the issue. Regarding his claim under 18 U.S.C. Sec. 241, it is noted that Ellison's complaint did refer to 18 U.S.C. Secs. 241 and 1503. However, his response to the defendants' motion to dismiss did not rely on these statutes as a basis of recovery. In any event, these statutes are criminal in nature and make no provisions for recovery of civil damages.
 
 
 9
 For the foregoing reasons, the motion for counsel is denied, the motion to take judicial notice is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.