51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moshe PERELMAN, Plaintiff-Appellant,
v.
AMERICAN BANKERS INSURANCE COMPANY, et al, Defendant-Apellee.
 No. 94-16053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1995.*
Decided March 30, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moshe Perelman ("Perelman") appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his (1) 42 U.S.C. Sec. 1983 civil rights claim, (2) 29 U.S.C. Sec. 794 ("Rehabilitation Act") claim, and (3) various state law claims against American Bankers Insurance Co. ("American") and unnamed others.
 
 
 3
 * On April 29, 1993, Perelman suffered flood damage to his home from a leaking dishwasher. He reported this loss to American, his insurance company, and filed a claim for damages to the interior of his home and certain personal property items. On or about June 20, 1993, Perelman sustained an eye injury and was hospitalized because the injury required surgery. After spending two days in the hospital, Perelman returned home to find that some of his personal property had been taken. He filed a second claim with American. On June 25, 1993, Perelman left his home and stayed with a friend, Lillie Levy. Perelman moved back into his home on September 3, 1993 to find that his place had been burglarized. Perelman then filed a third claim with American. The first claim for flood damages to the structure of the home was settled, but American denied all three claims for Perelman's personal property losses.
 
 
 4
 On February 22, 1994, Perelman filed a 42 U.S.C. Sec. 1983 action against American and unnamed others. He alleged that American conspired with the State Insurance Commissioner to deprive him of his liberty and property rights. He also alleged various state law causes of action. On April 5, 1994, American filed a motion to dismiss and asked for sanctions. Perelman filed his opposition on April 11, 1994. Subsequently, American filed a reply in support of the motion to dismiss and motion for sanctions on April 21, 1994. The district court stayed consideration of American's motion and granted Perelman leave to file an amended complaint.
 
 
 5
 Perelman filed an amended complaint on May 20, 1994 in which he alleged that American's denial of his insurance claim constituted state action because the State Insurance Commissioner conspired with American. In support, Perelman alleged that he informed the State Insurance Commissioner that American denied the claims for his personal property loss. Finally, Perelman alleged that American violated the Rehabilitation Act by discriminating against him on the basis of his disability.
 
 
 6
 On June 3, 1994, the district court dismissed Perelman's complaint for failure to allege facts sufficient to invoke federal jurisdiction under either Sec. 1983 or the Rehabilitation Act. The district court also dismissed Perelman's state law claims but denied American's motion for sanctions. The district court entered judgment against Perelman on June 6. On June 9, Perelman filed his notice of appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 II
 
 7
 We review de novo a district court's ruling on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). A 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dooley v. Reiss, 736 F.2d 1392, 1394 (9th Cir.), cert. denied, 469 U.S. 1038 (1984) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). All allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.1983). "The allegations of a pro se complaint, 'however inartfully pleaded,' should be held 'to less stringent standards than formal pleadings drafted by lawyers....' " Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)).
 
 III
 
 8
 Perelman contends that the district court erred by ruling that he failed to state a claim under Sec. 1983. In order to establish a Sec. 1983 claim, two elements must be satisfied: "(1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." Community Redevelopment Agency, 733 F.2d at 649 (citing Williams v. Gorton, 529 F.2d 668, 670 (9th Cir.1976)). Mere conclusory allegations, without factual support, are insufficient to state a claim under Sec. 1983. Id. (quoting Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977)).
 
 
 9
 A private individual's action may be taken under color of state law where the state is significantly involved in the action. See Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983). Perelman alleged that the State Insurance Commissioner entered into a conspiracy with American by "covering for them." His allegations are conclusory and unsupported by any facts which demonstrate how American and the State Insurance Commissioner entered into a conspiracy. Perelman contends that he notified the State Insurance Commissioner that American denied his insurance claims. A state actor's mere acquiescence in a private action, however, does not convert the action into that of the state. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 164 (1978). Consequently, Perelman's notification does not transform American's denial of his insurance claim into "significant" state involvement. See id.
 
 
 10
 Because Perelman failed to allege sufficient facts to demonstrate that American acted under color of state law when it denied his insurance claims, we affirm the district court's dismissal of Perelman's Sec. 1983 claim.
 
 IV
 
 11
 Perelman next contends that the district court erred by ruling that he failed to state a claim under the Rehabilitation Act. In order to obtain relief under the Rehabilitation Act, the plaintiff must show "(1) that he is ... [disabled] within the meaning of the act, (2) that he is 'otherwise qualified' for the services sought, (3) that he was excluded from the services sought 'solely by reason of his ... [disability],' and (4) that the program in question receives federal financial assistance." Dempsey v. Ladd, 840 F.2d 638, 640 (9th Cir.1987).
 
 
 12
 Under the Rehabilitation Act, the term "individual with a disability" means an individual who "(i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided [with federal assistance]...." 29 U.S.C. Sec. 706(8)(A). Perelman alleged that he is disabled within the meaning of the Rehabilitation Act because he suffers from loss of vision, a condition of which American is aware. However, he failed to allege that his loss of vision impeded employment or that he has been excluded from any federally funded program. Therefore, Perelman failed to allege sufficient facts to support that he is an "individual with a disability" within the meaning of the Rehabilitation Act or to support any other elements of a discrimination claim. Accordingly, we affirm the district court's dismissal of Perelman's discrimination claim under the Rehabilitation Act.
 
 V
 
 13
 Finally, Perelman argues that the district court erred by dismissing his state law claims. A district court's dismissal of pendant state claims is reviewed for abuse of discretion. Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985). "When federal claims are dismissed before trial ... pendant state claims also should be dismissed." Community Redevelopment Agency, 733 F.2d at 651 (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Because the federal claims were properly dismissed, the district court did not abuse its discretion by dismissing Perelman's pendant state law claims. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3