54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eva Lofofora CONTRERAS, Plaintiff-Appellant,
v.
James GOMEZ, Director, et al., Defendants-Appellees.
 No. 94-16593.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eva Lofofora Contreras, a California state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action seeking injunctive relief prohibiting the expansion of Pelican Bay State Prison. Contreras challenges the results of a 1992 election held in Del Norte County, California, in which voters passed a ballot measure allowing the expansion of Pelican Bay State Prison. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we review for abuse of discretion, Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 Contreras's allegation that the election somehow violated his constitutional rights fails to state a cognizable claim under 42 U.S.C. Sec. 1983. See, e.g., Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (stating that 42 U.S.C. Sec. 1983 "is not itself a sources of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred"); Dooley v. Reiss, 736 F.2d 1392, 1394 (9th Cir.) (affirming dismissal of claims that failed to allege deprivation of federal right), cert. denied, 469 U.S. 1038 (1984); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (same). To the extent that Contreras alleges that the expansion of Pelican Bay State Prison violates the Eighth Amendment, we conclude that he has failed to adequately allege a claim for relief. See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (stating that to establish Eighth Amendment violation, a prisoner must show that he was subjected to the unnecessary and wanton infliction of pain).
 
 
 4
 The district court provided Contreras two opportunities to amend his complaint, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), but Contreras failed to cure the defects of his complaint. Accordingly, the district court did not abuse its discretion by dismissing this action without additional leave to amend. See Neitzke v. Williams, 490 U.S. 319, 324 (1989) (holding that in forma pauperis complaints that lack an arguable basis in fact or law may be dismissed before service of process under 28 U.S.C. Sec. 1915(d)).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3