76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell Vincent WHITE, Plaintiff-Appellant,
v.
F. Earl BANDY; Madera County and Madera County Board of
Supervisors, Defendants-Appellees.
 No. 95-15769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Darrell Vincent White appeals pro se the district court's summary judgment for Earl Bandy, a Madera County Superior Court research attorney, and the Madera County Board of Supervisors ("Board") in his 42 U.S.C. § 1983 action. White alleged that Bandy and the Board conspired to deprive White of his right of access to the courts by causing the delay and denial of his state court actions. We review the district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 White contends that the district court erred because a genuine issue of material fact exists with respect to his access to courts claim. This contention lacks merit.
 
 
 4
 To state a claim for denial of the Fourteenth Amendment right of access to courts where the adequacy of law libraries or legal assistance is not involved, a prisoner must allege "actual injury," defined as "some specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (internal quotations omitted). Here, White was not prevented from filing his habeas corpus petitions, and they were decided on the merits. Furthermore, his state civil rights action was dismissed for failure to prosecute. Because White failed to allege a specific instance when he was actually denied access to the courts, White failed to show that he suffered an actual injury. See id.; Dooley v. Reiss, 736 F.2d 1392, 1394-95, cert. denied, 469 U.S. 1038 (1984). Accordingly, the district court did not err by granting summary judgment in favor of the defendants. See McGuckin, 974 F.2d at 1059.
 
 
 5
 White also contends that the district court erred by entering summary judgment before he could conduct discovery. This contention lacks merit.
 
 
 6
 Because White never requested a continuance to conduct discovery, the district court did not err by granting summary judgment. See Fed.R.Civ.P. 56(f); see also Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3