**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH CLARK, an individual, | No. 08-16563 |
| Plaintiff - Appellant, | D.C. No. 3:06-CV-06872-CRB |
| v. | |
| CITY OF OAKLAND, a California public entity and MITCH POWELL, Officer, in his individual and official capacities, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 18, 2010[**]
San Francisco, California

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[***]

Elizabeth Clark ("Clark") appeals the district court's order granting

summary judgment to the City of Oakland (the "City") and Oakland Police Officer

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa, sitting by designation.

Mitch Powell ("Powell") (collectively, "Defendants") on Clark's claims that Defendants deprived her First Amendment free speech rights and Fourteenth Amendment procedural due process rights in violation of 28 U.S.C. § 1983, and that Defendants conspired to violate § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

This court reviews de novo the district court's grant of summary judgment to determine "whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 763 (9th Cir. 2006) (internal quotation marks omitted).

Clark claims Defendants violated § 1983 when they demoted her from a lateral police officer to a police officer trainee, in violation of her First Amendment free speech rights and Fourteenth Amendment procedural due process rights. Clark's First Amendment claim fails because her speech addressed a private personnel dispute, rather than a matter of public concern. *See Weeks v. Bayer*, 246 F.3d 1231, 1234–35 (9th Cir. 2001).

Clark's Fourteenth Amendment claim fails because she was a probationary employee with no property interest in continued employment as a sworn police

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

officer with the City.  *See Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1098 (9th Cir. 1981).  Accordingly, the district court correctly granted summary judgment to Defendants on Clark's claim of a § 1983 violation.

Because Defendants did not violate § 1983, as set out above, the district court correctly held that Defendants did not conspire to violate § 1983.  *See Dooley v. Reiss*, 736 F.2d 1392 (9th Cir. 1984).

**AFFIRMED.**