NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LEE EMERY, Jr., | No. 21-35278 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02096-MC |
| v. | |
| MARK NOOTH, Eastside Institutions Administrator, Oregon Department of Corrections (ODOC); et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Oregon state prisoner Robert Lee Emery, Jr., appeals pro se from the district

court's summary judgment in his action alleging claims under 42 U.S.C. § 1983

and Title II of the Americans with Disabilities Act ("ADA").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Emery's deliberate indifference claims because Emery failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his medical needs in denying his requests to purchase specific shoes from an outside catalog. *See id.* at 1060-61 (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health).

The district court properly granted summary judgment on Emery's retaliation claim because Emery failed to raise a triable dispute as to whether defendants took adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context).

The district court properly granted summary judgment on Emery's conspiracy claim because Emery failed to raise a triable dispute as to whether defendants violated his constitutional rights. *See Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984) (a conspiracy claim under § 1983 requires that plaintiff establish an actual deprivation of constitutional rights).

The district court properly granted summary judgment on Emery's ADA claim because Emery failed to raise a triable dispute as to whether defendants

discriminated against him because of a disability or were deliberately indifferent to his disability. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court did not abuse its discretion in denying Emery's motion to appoint counsel because Emery did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

The district properly denied Emery's motion to expedite as moot because it had already granted summary judgment on Emery's claims.

Emery's appeal of the denial of his motion for a preliminary injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

We reject as meritless Emery's contention that the district court took an improper adversarial role.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Emery's motion for default judgment (Docket Entry No. 31) is denied. Emery's motion to expedite this appeal (Docket Entry No. 36) is denied as moot. To the extent that Emery's motion to expedite is based on new allegations, such allegations are outside of the scope of this appeal.

**AFFIRMED.**